PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Office of Program Litigation, Office 7
Office of the General Counsel
Social Security Administration
MARGARET BRANICK-ABILLA
Special Assistant United States Attorney
    6401 Security Boulevard
    Baltimore, MD 21235
    Telephone: (510) 570-4809
    Email: Margaret.Branick-Abilla@ssa.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BRIAN GIFFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:22-cv-02093-CKD<br><br>**STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of FOURTEEN THOUSAND, ONE HUNDRED AND SIXTY-SIX DOLLARS AND ZERO CENTS ($14,166.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel Robert C. Weems (Counsel). Pursuant to

*Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel, including Counsel's law firm and associates, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: May 6, 2024                WEEMS LAW OFFICES

By: */s/ Robert C. Weems**
ROBERT C. WEEMS
Attorneys for Plaintiff
[*As authorized by e-mail on May 6, 2024]

Dated: May 7, 2024                PHILLIP A. TALBERT
United States Attorney

By: */s/ Margaret Branick-Abilla*
MARGARET BRANICK-ABILLA
Special Assistant United States Attorney
Attorneys for Defendant

**ORDER**

Pursuant to stipulation,

1. The stipulation at ECF No. 32 is GRANTED; and

2. Plaintiff's motion for EAJA fees (ECF No. 29) is DENIED as moot.

SO ORDERED.

Dated:  May 7, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE